IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
JASON PHANTHAVONG,             )
                               )
          Plaintiff,           )
                               )      Civil Action
     v.                        )      No. 13-cv-06379
                               )
CAROLYN W. COLVIN,             )
Acting Commissioner of         )
Social Security,               )
                               )
          Defendant            )
```

**O R D E R**

NOW, this 16th day of July, 2015, upon consideration of the following documents:

1) Plaintiff's Brief and Statement of Issues in Support of Request for Review, which brief was filed May 28, 2014;

2) Defendant's Response to Request for Review of Plaintiff, which response was filed June 25, 2014;

3) Plaintiff's Reply Brief, filed July 5, 2014;

4) Report and Recommendation of United States Magistrate Judge Jacob B. Hart dated and filed October 2, 2014;

5) Plaintiff's Objections to Report and Recommendation, which objections were filed October 15, 2014;

6) Complaint filed November 14, 2013; and

7) Answer filed March 17, 2014;

and after a thorough de novo review of the record in this matter; it appearing that Magistrate Judge Hart's Report and

Recommendation correctly determined the legal issues presented in this case,

 IT IS ORDERED that Magistrate Judge Hart's Report and Recommendation dated and filed October 2, 2014 is approved and adopted.[1]

 IT IS FURTHER ORDERED that the decision of the Commissioner of Social Security is affirmed.

 IT IS FURTHER ORDERED that plaintiff's objections to the Report and Recommendation of Magistrate Judge Hart are overruled.[2]

---

[1] The extent of review of a Magistrate Judge's Report and Recommendation is committed to the discretion of the district court. Jozefick v. Shalala, 854 F.Supp. 342, 347 (M.D.Pa. 1994).  However, the district court must review de novo those portions of the Report and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1)(c).  The court may "accept, reject, or modify, in whole or in part, the magistrate's findings or recommendations." Brophy v. Halter, 153 F.Supp.2d 667, 669 (E.D.Pa. 2001)(Padova, J.); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.

 Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge.  See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).  Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject, or modify, in whole or in part, any of the findings or recommendations made by the magistrate judge.  Id.

 As more fully discussed below, I approve and adopt Magistrate Judge Hart's Report and Recommendation and overrule plaintiff's objections to the Report and Recommendation.

[2] Plaintiff raises five objections to Magistrate Judge Hart's Report and Recommendation ("R&R").

 First, plaintiff objects that the ALJ erred by failing to address evidence of a treating physician.  Second, plaintiff objects that the ALJ did not adequately explain his rejection of plaintiff's testimony.  Third,

(Footnote 2 continued):

IT IS FURTHER ORDERED that judgment is entered in favor of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, and against plaintiff Jason Phanthavong on plaintiff's Complaint seeking social security disability insurance benefits and supplemental security income.

IT IS FURTHER ORDERED that the Clerk of Court shall close this civil action for statistical purposes.

BY THE COURT:

/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 2):

plaintiff objects that the ALJ did not properly address the testimony of a lay witness.  Fourth, plaintiff objects that the ALJ erred by relying on vocational expert testimony which was elicited by an improper hypothetical question and which was inconsistent with agency policy.  Fifth, plaintiff objects that the ALJ failed to meet his obligation to develop the record.

These five objections, however, are restatements of the five claims plaintiff outlined in his initial brief to Magistrate Judge Hart.  See Morgan v. Astrue, 2009 WL 3541001 (E.D.Pa. Oct. 30, 2009)(Buckwalter, S.J.).  Moreover, upon review of Magistrate Judge Hart's Report and Recommendation, together with a de novo review of the matter, I conclude that the Report and Recommendation correctly determined the legal issues raised by plaintiff.

Therefore, I approve and adopt Magistrate Judge Hart's Report and Recommendation in part, and overrule plaintiff's objections to the Report and Recommendation.

—3—